OPINION
{¶ 1} Defendant-appellant Ephriam Marks appeals from his conviction and sentence for Possession of Crack Cocaine, following a jury trial. Marks contends that his conviction is against the manifest weight of the evidence. Based upon our review of the evidence in the record, we conclude that his conviction is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} Defendant-appellant Ephriam Marks was arrested on August 6, 2002, for trespass and assault upon a security officer. The corrections officer who searched Marks upon his arrival at the Montgomery County Jail testified that he retrieved a balled up cigarette package from Marks's right front pants pocket, and discovered a rock of what the jailer suspected to be crack cocaine in the package. The jailer testified that he gave the substance to the arresting officer. The arresting officer testified that he placed the substance in a sealed envelope in the property room at Dayton Police Headquarters. An investigator with the Montgomery County Crime Lab testified that he tested this substance, and determined it to be crack cocaine.
 {¶ 3} The security guard who worked at the apartment complex where Marks was arrested, and who called the police to make the arrest, testified that when he first encountered Marks, Marks told him, "I can't go to jail, I can't go to jail, I can't go to jail, man, I'm dirty, I'm dirty."
 {¶ 4} Marks was charged by indictment with one count of Possession of Crack Cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree. Following a jury trial, Marks was found guilty as charged. Marks was sentenced to incarceration for ten months. From his conviction and sentence, Marks appeals.
 II {¶ 5} Marks's sole assignment of error is as follows:
 {¶ 6} "The verdict of the jury was against the manifest weight of the evidence."
 {¶ 7} Marks testified in his own defense. He contended that he did not have any crack cocaine on his person, or at least that he was not aware that he had any crack cocaine on his person. He denied having told the security officer at the apartment complex where he was arrested, Jason Lewis, that he could not go to jail because he "was dirty."
 {¶ 8} Eva Jaber, Marks's girlfriend and fiancée, testified that she never heard Marks say, "I'm dirty," when he was confronted by security guards at her apartment complex.
 {¶ 9} There was, then, a conflict in the evidence. When an appellate court is conducting a weight-of-the-evidence review, the finder of fact is entitled to some deference. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541.
 {¶ 10} We have reviewed the entire transcript of this trial. Based upon our review of the transcript, we conclude that the jury acted reasonably in deciding to credit the testimony of the jailer, arresting police officer and laboratory technician, whose testimony established that a rock of crack cocaine was found upon Marks's person when he was received at the Montgomery County Jail. We also conclude that the jury acted reasonably when it decided to credit the testimony of Jason Lewis, the security guard, who testified that when he first confronted Marks, Marks said he could not go to jail because he was "dirty." This testimony would warrant a reasonable finder of fact in concluding, beyond reasonable doubt, that Marks knew that he had the crack cocaine upon his person. Accordingly, we conclude that Marks's conviction is not against the manifest weight of the evidence, and his sole assignment of error is overruled.
 III {¶ 11} Marks's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
Wolff and Grady, JJ., concur.